# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST FRESQUEZ, JR., | |
|     Plaintiff, | Case No. 2:16-CV-01274-KJD-NJK |
| v. | **ORDER** |
| NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A.; MORTGAGE ELECTRONIC RESIGTRATION SYSTEMS, INC., and DOES 1-10 INCLUSIVE, | |
|     Defendants. | |

Presently, before the Court is Plaintiff's Motion to Remand (#11) to which Defendants Nationstar Mortgage LLC and Mortgage Electronic Registration Systems, Inc. each filed a separate Response in Opposition (#22) and (#27).

**I. Background**

On August 25, 2005, Plaintiff Ernest Fresquez, Jr. obtained a mortgage loan on his home from Countrywide Home Loans, Inc. in the amount of $523,800.00. Beginning on or about June 30, 2008, Plaintiff alleges that Defendants, and other beneficiaries and services, filed a series of notices of default, elections to sell, and notices of trustee's sales. This pattern continued over the next eight years. During this time, on March 27, 2012, the deed of trust was assigned by Defendant Mortgage

Electronic Registration Systems, Inc. (MERS) to Defendant U.S. Bank, N.A. Currently, Defendant U.S. Bank is the beneficiary of Plaintiff's deed of trust and Defendant Nationstar Mortgage is the loan servicer.

Plaintiff alleges that the instrument assigning the deed of trust to U.S. Bank, as well as other instruments in the various foreclosure processes, were fraudulently signed. Plaintiff claims that Defendants Nationstar and U.S. Bank also violated Nevada law by engaging in dual tracking of Plaintiff's property and failing to provide Plaintiff with a single point of contact. Plaintiff filed the present action against Defendants alleging damages in excess of $10,000.00.

Plaintiff initially filed his Complaint with the District Court of the State of Nevada on May 12, 2016. Defendant Nationstar filed Notice of Removal (#1) on June 8, 2016, claiming original jurisdiction under 28 U.S.C. § 1332. Plaintiff then filed the present Motion to Remand arguing that Defendants failed to meet their burden in establishing the jurisdictional amount. Further, Plaintiff argues that the removal was improper because Plaintiff's claim involves a local controversy and that Defendant U.S. Bank has not consented to removal.

**II. Legal Standard**

When original jurisdiction is questioned, 28 U.S. Code § 1447 allows parties to file a motion to remand an action to a state court within thirty days after the notice of removal was filed. When the original right of removal is in doubt, the case should be remanded. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Also, if at any time before judgment, it becomes apparent that the case was improperly removed, it should be remanded. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

28 U.S.C. § 1441(a) gives defendants the right to remove state court proceedings to a federal district court, when the district court has original jurisdiction over the matter. Original jurisdiction exists when the parties are from different states, and the amount in controversy is more than $75,000.00. 28 U.S.C.A. § 1332. The removing party has the burden of establishing that original jurisdiction exists. *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984). Part of this burden

is to show by a preponderance of the evidence that the amount in controversy exceeds the statutory requirement. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Normally this burden is met when the plaintiff claims damages more than $75,000.00. *Id.* However, in "actions seeking declaration or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (U.S. 1977)).

When an action is removed from a state court solely because there is original jurisdiction, all defendants who have been properly joined and served must consent to the removal. 28 U.S.C. § 1446 (b)(2). When a party has not been properly served, their consent is not needed. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded by statute on other grounds); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). However, section 1447(c) does not create an automatic awarding of attorney's fees for every case that is remanded. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Generally, when the basis for removing the case is objectively reasonable, attorney's fees should not be awarded. *Id.* at 141.

**III. Analysis**

Plaintiff has asserted that this case should be remanded for three reasons: 1) Defendants have failed to establish an amount in controversy that exceeds $75.000.00; 2) Plaintiff's claim involves a local controversy; and 3) Defendant U.S. Bank did not consent to the removal. Additionally, Plaintiff seeks reasonable attorney's fees on the grounds that removal was improper.

In his Complaint, Plaintiff prays for injunctive relief that would enjoin Defendants from "conducting further foreclosure activity." Since Plaintiff is seeking injunctive relief, the amount in

controversy is measured by the value of the property, $523,800.00. *See Cohn*, 281 F.3d at 840. This sum exceeds the $75,000.00 jurisdictional amount. Therefore, Defendants have met their burden.

Plaintiff's second argument is that this case should be remanded because it involves a "local controversy." However, Plaintiff has failed to cite any binding law or precedent to suggest that this Court is required to remand cases involving local controversies where the Court has original jurisdiction.

Plaintiff's final argument is that this case should be remanded, because Defendant U.S. Bank had failed to consent to removal by the time Plaintiff filed his Motion to Remand.[1] U.S. Bank's consent to removal is not needed as Plaintiff has not met his burden to show that Defendant U.S. Bank had been properly served. *Salveson*,731 F.2d at 1429. In his Amended Affidavit of Service (#1-6), Plaintiff claims to have served an agent of U.S. Bank, lawfully designated by statute to accept service of process, at 3850 E. Flamingo, Las Vegas NV, 89121. Both Defendants MERS and Nationstar argue that Defendant U.S. Bank could not have been properly served, because 3850 E. Flamingo is the address of a grocery store and therefore not the proper location to serve an agent of U.S. Bank. Plaintiff failed to file a Response to that assertion. The Court finds that Plaintiff has failed to meet his burden showing that U.S. Bank was properly served in this action.

Finally, Plaintiff's request for attorney's fees is denied, because the present action was properly removed.

///
///
///
///
///
///

---

[1] Defendant U.S. Bank has since filed its Joinder in Notice of Removal (#31).

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#11) is **DENIED.**

DATED this 15th day of March 2017.

_____
Kent J. Dawson
United States District Judge