# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST FRESQUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No.: 2:16-cv-01274-KJD-NJK <br><br> **ORDER** |

Presently before the Court is Defendant Mortgage Electronic Registration System's ("MERS") Motion to Dismiss Complaint (#5). Plaintiff filed a response in opposition (#14) to which Defendant replied (#16).

**I. Background.**

On August 25, 2005, Plaintiff Ernest Fresquez Jr. obtained a mortgage loan from Countrywide Home Loans, Inc. in the amount of $523,800.00. Beginning on or about June 30, 2008, Plaintiff alleges that Defendants, and other beneficiaries and services, filed a series of notices of default, elections to sell, and notices of trustee's sales. This pattern continued over the next eight years. During this time, on March 27, 2012, the deed of trust was assigned by MERS to Defendant

U.S. Bank, N.A.("U.S. Bank.") Currently, Defendant U.S. Bank is the beneficiary of Plaintiff's mortgage loan which Defendant Nationstar Mortgage LLC ("Nationstar") services.

Plaintiff alleges that the instrument assigning the deed of trust to U.S. Bank, as well as other instruments in the various foreclosure processes, were fraudulently signed. Plaintiff claims that Defendants Nationstar and U.S. Bank also violated Nevada Law by engaging in dual tracking of Plaintiff's property and failing to provide Plaintiff with a single point of contact.

Defendant MERS filed the present motion to dismiss Plaintiff's Fourth Cause of Action for violation of the Nevada Deceptive Trade Practices Act ("NDTPA"), and Plaintiff's Fifth Cause of Action for cancellation of written instruments. MERS argues that Plaintiff's Fourth and Fifth Causes of Action fail to state a claim upon which relief may be granted.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the

complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456, n.1 (Nev.1994). Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when. *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *2 (D. Nev. 2016).

**III. Analysis**

Plaintiff alleges violations of the NDTPA and cancellation of written instruments as his Fourth and Fifth Causes of Action. These are the only two causes of action in which MERS is implicated. Defendant MERS argues that both Plaintiff's Fourth and Fifth Causes of Action are insufficiently plead and that Plaintiff's Fifth Cause of Action is time barred. In his reply, Plaintiff stipulates that the NDTPA does not provide him with a legal remedy in this case, and therefore his Fourth Cause of Action is without merit. However, Plaintiff asks that this Court grant him a leave to

amend his complaint. He proposes changing his Fourth Cause of Action to seek declaratory relief pursuant to NRS § 30.040. Plaintiff further contends that the rest of his complaint is sufficiently plead.

### A. Pleading fraud with particularity

In his Complaint, Plaintiff alleges that the instruments that assigned the Deed of Trust to U.S. Bank, and initiated the other foreclosure processes, were fraudulently "robo-signed" and thereby "void ab initio." These allegations form the basis for Plaintiff's complaints against MERS. However, Plaintiff does not allege any factual information about the signing of these documents that would raise his claims past mere speculation. *Iqbal*, 556 U.S. at 679. Plaintiff's complaint does not allow this Court to infer more than the mere possibility of misconduct. *Id.* Furthermore, Plaintiff's allegations of fraud fail to give "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764. Therefore, Plaintiff's Fourth and Fifth Causes of Action are insufficiently plead and must be dismissed. *Iqbal*, 556 U.S. at 679. Normally, the Court would grant Plaintiff leave to amend. However, in this case, granting leave to amend the claims against MERS would be futile.

### B. Statute of Limitations

Plaintiff's Fourth and Fifth Causes of Action are time barred by the statute of limitations. N.R.S. § 11.190(d) sets the statute of limitation for an action for relief on the ground of fraud at three years from the time that the aggrieved party becomes aware or should have been aware of the fraud. MERS argues that Plaintiff became aware or should have been aware of the fraud when the Assignment of the Deed of Trust was recorded, March 27, 2012. See N.R.S. § 111.320 ("[e]very such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed . . . must from the time of filing with the. . . recorder for record, impart notice to all persons of the contents thereof"). Plaintiff has failed to contest the argument that he first received notice of MERS's allegedly fraudulent behavior on or about March 27, 2012. Therefore the statute of limitations on this action against MERS expired on March 27, 2015, a full year before Plaintiff filed

his complaint on May 12, 2016. Plaintiff's claims of fraud in the Assignment of the Deed of Trust are time barred. Therefore, granting Plaintiff leave to amend this claim as to Defendant MERS would be futile.

### C. Standing

Additionally, any attempt by Plaintiff to amend his complaint against MERS would be futile because he would lack standing. The Nevada Supreme Court has held that a borrower lacks standing to challenge the assignment of a mortgage when the borrower is neither a party to the assignment of the pooling service agreement nor a third-party beneficiary to the transaction. *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *3 (D. Nev. Mar. 15, 2016); *see also Wood v. German*, 331 P.3d 859, 861 (Nev. 2014), *Christie v. Bank of N.Y. Mellon, N.A.*, 617 Fed. Appx. 680, 2015 WL 3621870 (9th Cir. 2013). Both Plaintiff's Fourth and Fifth Causes of Action against MERS are based on the validity of the instrument that assigned the deed of trust from MERS to U.S. Bank. Plaintiff is neither a party to the allegedly fraudulent assignment, nor a third party beneficiary to the transaction. Therefore, he lacks standing to challenge the validity of the Assignment of the Deed of Trust from Defendant MERS to Defendant U.S. Bank.

## IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant MER's Motion to Dismiss (#5) is **GRANTED;**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant MERS and against Plaintiff.

DATED this 28th day of March 2017.

_____
Kent J. Dawson
United States District Judge