# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST FRESQUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No.: 2:16-cv-01274-KJD-NJK <br><br> **ORDER** |

Presently before the Court is Defendant Nationstar Mortgage, LLC's ("Nationstar") Partial Motion to Dismiss Complaint (#3). Plaintiff filed a Response in Opposition (#13) to which Defendant replied (#24).

**I. Background.**

On August 25, 2005, Plaintiff Ernest Fresquez, Jr. obtained a mortgage loan from Countrywide Home Loans, Inc. in the amount of $523,800.00. Beginning on or about June 30, 2008, Plaintiff alleges that Defendants, and other beneficiaries and services, filed a series of notices of default, elections to sell, and notices of trustee's sales. This pattern continued over the next eight years. During this time, on March 27, 2012, the deed of trust was assigned by Defendant Mortgage

Electronic Registration Systems, Inc. ("MERS") to Defendant U.S. Bank, N.A. ("U.S. Bank.") Currently, Defendant U.S. Bank is the beneficiary of Plaintiff's mortgage loan which Defendant Nationstar Mortgage services.

Plaintiff alleges that the instrument assigning the deed of trust to U.S. Bank, as well as other instruments in the various foreclosure processes, were fraudulently signed. Plaintiff claims that Defendants Nationstar and U.S. Bank also violated Nevada Law by engaging in dual tracking of Plaintiff's property and failing to provide Plaintiff with a single point of contact.

Defendant Nationstar filed the present motion to dismiss Plaintiff's Fourth Cause of Action for violation of the Nevada Deceptive Trade Practices Act ("NDTPA"), and Plaintiff's Fifth Cause of Action for cancellation of written instruments. Nationstar argues that Plaintiff's Fourth and Fifth Causes of Action are not plead with particularity. Nationstar also argue that the NDTPA does not apply to real estate transactions.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements

of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Nev. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456, n.1 (Nev.1994). Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, that they had authority to speak for the corporation, and what was said or written and when. *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *2 (D. Nev. 2016).

**III. Discussion**

As his Fourth Cause of Action, Plaintiff alleges violations of the NDTPA and NRS § 205.090 (forged written instruments). Plaintiff seeks cancellation of written instruments as his Fifth Cause of Action. He claims that the instruments that assigned the Deed of Trust to U.S. Bank and initiated the other foreclosure processes were fraudulently "robo-signed" and thereby "void ab initio." Defendant

1  Nationstar argues that the "robo-signing" allegations are conclusory and factually unsupported. Also,
2  that Plaintiff's Fourth Cause of Action is improper because it alleges a breach of NRS §598 which
3  only applies to transactions involving goods or services and not transactions involving real property.
4  *Alexander v. Aurora Loan Servs.*, 2010 WL 2773796 at *2 (D. Nev. July 8, 2010). Defendant moves
5  this Court to dismiss Plaintiff's Fourth and Fifth cause of action, as well as Plaintiff's prayer for
6  punitive damages.

7      Plaintiff stipulates that his Fourth Cause of Action does not state a claim, as the NDTPA only
8  applies to transactions involving goods and services. He also agrees to remove his prayer for punitive
9  damages from the complaint. However, Plaintiff argues that his Fifth Cause of Action is sufficiently
10 plead. Plaintiff cites *Reina v. Erassarret*, 90 Cal.App.2d 418, 423–24 (Cal. 1949) as support for his
11 argument that all he needs to plead for cancellation of written instruments is an interest in a parcel of
12 real property and privity to the written instrument. However, not only is *Reina* not binding authority
13 upon this Court, it does not address federal-pleading standards. *See Id.* Both Plaintiff's Fourth and
14 Fifth Causes of Action are subject to the same pleading standard set forth in Rules 8 and 9. Plaintiff
15 must state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Additionally, because Plaintiff
16 is alleging fraud, his complaint is subject to the heightened pleading standard in Rule 9. It must
17 include the time, place, and specific content of the misrepresentation as well as the names of the
18 individuals who are responsible. *Swartz*, 476 F.3d at 764.

19     In his Complaint, Plaintiff alleges that the instruments that assigned the Deed of Trust to U.S.
20 Bank, and initiated the other foreclosure processes, were fraudulently "robo-signed" and thereby
21 "void ab initio." However, Plaintiff does not allege any further factual information about the signing
22 of these documents that would raise his claims past mere speculation. *Iqbal*, 556 U.S. at 679.
23 Plaintiff's complaint does not allow this Court to infer more than the mere possibility of misconduct.
24 *Id.* Furthermore, Plaintiff's allegations of fraud fail to give any further details that would satisfy the
25 heightened standard expressed in Rule 9. *Swartz*, 476 F.3d at 764. Therefore, Plaintiff's Fifth Cause
26 of Action is insufficiently plead and must be dismissed. *Iqbal*, 556 U.S. at 679.

However, Plaintiff moved for a leave to amend his complaint. He proposes changing his Fourth Cause of Action to seek declaratory relief pursuant to NRS § 30.040 for the alleged criminal violations of NRS § 205.090 (forged written instruments). Plaintiff may seek a declaration of his rights based on the alleged invalidity of fraudulent documents pursuant to § 30.040. However, those claims must plead fraud allegations with particularity as required by Rule 9 without reference to § 205.090. *See Harlow v. LSI Title Agency, Inc.*, 2012 WL 5425722 at *3 (D. Nev. 2012)(criminal statute NRS § 205.090 does not provide for a private right of action). Further, as required by Rule 8, Plaintiff must allege facts that are not speculative and state a plausible claim. Any amended complaint raising these claims must be filed within fourteen (14) days of the entry of this order. Failure to do so will result in the claims raised in causes of action four and five being dismissed with prejudice.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (#3) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint;

**IT IS FURTHER ORDERED** that the amended complaint be filed within fourteen (14) days of the entry of this order.

DATED this 28th day of March 2017.

_____
Kent J. Dawson
United States District Judge