# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST FRESQUEZ, JR.,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10, inclusive,

    Defendants.

Case No.: 2:16-cv-1274-KJD-NJK

**ORDER**

Presently before the Court is Defendants Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank, National Association as Trustee for Harborview Mortgage Loan Trust 2005-16 ("US Bank") (hereinafter "Defendants") Motion to Enforce Settlement, or in the Alternative, to Dismiss for Failure to Prosecute (#41/43). Plaintiff Ernest Fresquez, Jr. filed a response in opposition (#45) to which Defendants replied (#47).

**I. Background**

Plaintiff brought the present case in the Eighth Judicial District Court of Nevada on May 12, 2016. (#1-2). The case was removed on June 8, 2016. (#1). The action concerns real property located at 9200 Eagle Ridge Drive, Las Vegas, Nevada 89134 ("the property"). Plaintiff has failed to submit

a mortgage payment in 66 months (totaling over $222,500). (#43-I). Plaintiff's complaint (#1-2) alleged that Defendants and then co-defendant Mortgage Electronic Registration Systems, Inc. ("MERS") had violated sections of the Nevada Homeowner's Bill in attempting to foreclose on the property for delinquent payments. An order (#29) was granted staying discovery for, and only for, MERS on August 12, 2016. Claims against MERS were subsequently dismissed (#36) by the Court on March 29, 2017.

**A. Settlement Agreement**

On January 19, 2017, Defendants emailed (#43-B) a settlement offer to Plaintiff. The settlement offer was for $5,000 in exchange for full release of all claims against Nationstar and US Bank, contingent upon Plaintiff vacating the property within 30 days of receipt of the settlement check and agreeing to an uncontested foreclosure. The offer was to remain open until February 3, 2017, but at the request of the Plaintiff on February 02, 2017, the offer was extended until February 10, 2017. (#43-B, F, H). Defendants spoke to Plaintiff on the phone, and confirmed by email on February 10, 2017, about Plaintiff's acceptance of the offer contingent upon a waiver of deficiency judgment. (#43-J). The contents of the email state:

> Thank you for your phone call. Please allow this email to confirm our conversation at which time you conveyed your client's acceptance of Nationstar's offer to settle this case as follows:
>
> Nationstar will pay Mr. Fresquez $5,000 in exchange for a full release of all claims against Nationstar and US Bank. Mr. Fresquez will vacate the property within 30 days of receipt of the settlement check and agrees to an uncontested foreclosure.
>
> However, you noted your client's acceptance is contingent on receiving a waiver of deficiency judgment. Technically, this may be a rejection and counter-offer[.]

Plaintiff acknowledged this confirmation email in his reply, "Yes...thanks...let me know.....I want to try and get this done as well......" (#43-K).

On February 15, 2017, Defendants accepted Plaintiff's counteroffer by phone and then emailed to confirm their conversation:

> Please allow this email to serve as confirmation of our earlier conversation. This afternoon I advised you of Nationstar's acceptance of Fresquez's counter-offer to resolve the above-reference matter, to wit,
>
> Nationstar will pay Fresquez $5,000 in exchange for a full release of all claims against Nationstar and US Bank. Fresquez will vacate the property within 30 days of receipt of the settlement check and agrees to an uncontested foreclosure. Nationstar will waive any deficiency of judgement.
>
> It is imperative that this matter concludes in a timely fashion. We will begin drafting settlement documents and forward the same to you immediately. Given the extremely delinquent status of Fresquez's loan, please let me know by Monday [February 20, 2017] at 5:00 p.m. if you have any reason to believe your client will not follow through as we will be forced to seek immediate court intervention, and will request fees and cost in doing so.

Plaintiff's counsel's reply stated he had received Defendants email and had detailed discussions surrounding the offer with his client. (#43-M). Plaintiff further stated that he appreciated an extension until Monday, February 20, 2017, for a final resolution.

On February 17, 2017, Plaintiff's counsel emailed Defendants stating that it had just come to his knowledge of Plaintiff's involvement in a class action lawsuit in the Southern District of Florida against Defendants. (#43-N). Plaintiff stressed that he would need time to see what effect this would have on his ability to settle. On February 20, 2017, Defendants responded that the class action had been granted final approval on November 9, 2015, and the deadline to make a claim in connection with the class was on February 8, 2016. (#43-O). Defendants stated that if Plaintiff was a member of the class, he had been so before filing the present case and that it would not affect the ability to settle. *Id.*

Plaintiff disagreed and for the first time raised an objection to the settlement agreement, stating:

> With regard to your settlement offer, I disagree that we made a counter offer. I called you and asked if the deficiency waiver could be added and if so, I would take your offer to the client. The 2/20 deadline is today and we need to accept or reject that offer.

(#43-P).

**B. Failure to Prosecute**

As early as January 19, 2017, Defendants reached out by phone and email (#43-A, B) to Plaintiff to schedule a scheduling conference, otherwise known as an early case conference ("ECC"), as mandated by FRCP 26(f) and LR 26-1. Defendants again asked Plaintiff for his availability for an ECC on February 02, 2017. (#43-E). Plaintiff continually refused to schedule an ECC, alleging discovery had been stayed despite Defendants' admonitions that discovery was only stayed as to MERS. (#43-G).

**II. Analysis**

**A. Motion to Enforce**

District courts have the power to enforce the settlement agreements of cases coming before them. *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). For a settlement agreement to be enforceable it must be complete. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Construction and enforcement of settlement agreements are typically governed by principles of local law applying to contracts. *O'neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004).

A settlement agreement is a contract under Nevada law and, as such, is governed by the principles of contract law. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). The elements of a contract are an offer, acceptance, a meeting of the minds, and consideration. *Id*. Further, so long as material terms are sufficiently certain and definite, a contract may be formed even though the contracts' exact language is not finalized. *Id*. The adding of material terms that cannot be implied in an original offer alters the professed acceptance into a rejection of the original offer and constitutes a counteroffer. *See Heffern v. Vernarecci*, 544 P.2d 1197, 1198 (Nev. 1976); *May*, 119 P.3d at 1258; *see also Kuzack v. Wells Fargo Bank, NA*, 597 Fed.Appx 424 (9th Cir. 2015). Mutual assent exists if a party's outward actions can reasonably be interpreted as acceptance. *Alter v. Resort Props. of Am.*, No. 59583, 2014 WL 2466282, at *2 (Nev. May 30, 2014). Even if a formal agreement is not executed, an accepted counteroffer containing all of the material terms is valid and enforceable. *Singh v. Reed*, 551 Fed. App'x. 927, 929 (9th Cir. 2014).

Here, Plaintiff changed the material terms of Defendants initial offer, and thereby made a counteroffer when he accepted Defendants' offer contingent upon a waiver of deficiency judgment. (#43-J, K). Plaintiff's counteroffer clearly contained the material terms of $5,000 and a waiver of deficiency judgment in exchange for a release of all claims against Nationstar and US Bank, an uncontested foreclosure, and agreeing to vacate the property within 30 days of receiving the check. Further, Defendants clearly accepted Plaintiff's counteroffer. (#43-L).

A clear meeting of the minds can be seen in the Plaintiff's communications to Defendants: stating a settlement would be reached with the addition of a waiver of deficiency; affirming the status of the counteroffer and stating "I want to try and get this done as well"; and confirming Defendants acceptance of the counteroffer. (*See* #43-J, K, L, M). Therefore, a settlement agreement existed between Plaintiff and Defendants because there was an offer, acceptance, a meeting of the minds, and consideration.

Plaintiff's argument that there was no agreement because no written agreement was signed is contrary to contract law. Defendants had accepted all the material terms of the counteroffer, creating a valid and enforceable agreement. Plaintiff's referenced extension given by the Defendants is clearly a warning of what action would occur should Plaintiff renege on the agreement.

Accordingly, the Court will enforce the settlement agreement entered into by the parties. The parties have either twenty-eight (28) days to submit a signed and executed settlement agreement, or Plaintiff must vacate the property within thirty (30) days of being tendered payment of the $5,000.00. No further delays will be tolerated.

**B. Motion to Dismiss For Failure to Prosecute**

Plaintiffs have a duty to initiate a scheduling conference as required by Federal Rules of Civil Procedure 26(f) within 30 days after the first defendant answers or otherwise appears. LR 26-1(a). If the plaintiff fails to prosecute their case the defendant may move to dismiss the claim. Fed. R. Civ. P. 41(b). Federal courts have the authority to dismiss a plaintiff's action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The trial court has broad discretion in dismissing a claim

for failure to prosecute. *Schmidt v. Wallenius Line*, 455 F.2d 1088 (9th Cir. 1972). In using its discretion to determine whether to dismiss for failure to prosecute, the Court must weigh the following factors: (1) public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) availability of less drastic alternatives; and (5) public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court will assess and weigh these factors.

### 1. Public Interest in Expeditious Resolution of Litigation

A relatively short delay of four months can weigh in favor of dismissal. *Id.* Public interest is not met by cases sitting dormant on the court's dockets or by allowing plaintiffs to file and forget. *Welch v. Nevada,* No. 2:11-cv-02111, 2012 WL 4051995, at *2 (D. Nev. Aug. 8, 2012). Here, Plaintiff had an affirmative duty to schedule an ECC with Defendants no later than July 15, 2016, almost an entire month before the motion staying discovery of a separate defendant. Further, the individual order staying discovery clearly states that it only applies to the defendant MERS. Plaintiff has delayed prosecution far more than the four months discussed in *Pagtalunan*.

### 2. The Court needs to manage its docket

District courts must have the power to manage their own docket without being subject to the noncompliance of litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Overcrowded district courts cannot afford to tolerate the misconduct of lawyers and litigants. *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other ground by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987). Here, Plaintiff actively chose to ignore the Federal Rules of Civil Procedure and the local rules of the Court, even when Defendants made Plaintiff aware of his duty. This misconduct has been an active attempt to take control of the docket from the Court.

### 3. The Risk of Prejudice to the Defendants

Unreasonable delay creates a presumption of injury to the defense. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A non-frivolous explanation for the delay can rebut a presumption

of prejudice. *Nealy v. Transportacion Maritimi Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). If the plaintiff provides a non-frivolous explanation, the burden shifts to the defendant to show at least some actual prejudice. *Id.* Here, Plaintiff created an unreasonable delay by failing to schedule an ECC. Plaintiff's proffered explanation that discovery was stayed for all parties is not reflected in the record. Further, Defendants have shown that they are subject to actual prejudice as Plaintiff has continued to enjoy the benefits of the property without making a mortgage payment in 66 months.

**4. Availability of Less Drastic Alternatives**

While the court does not need to exhaust every possible sanction, it must explore meaningful and possible alternatives. *Henderson*, 779 F.2d at 1424. Dismissal is appropriate when there are no other less drastic sanctions that would ensure the plaintiff's compliance. *Tobin v. Granite Gaming Group II, LLC*, 2008 Lexis 118251,at *40 (D. Nev. Feb. 28, 2008). Here, Plaintiff has continued to show an unwillingness to schedule an EEC even after being informed of the rules. Plaintiff states in his response (#45) that (1) two motions to dismiss are pending and (2) the parties had agreed to stay discovery as to defendant MERS. The record reflects that MERS motion to dismiss (#5) was granted on March 29, 2017, and that discovery was only stayed with regard to that defendant (#29). While the Court has not tried any formal sanctions, Plaintiff's response to Defendants is indicative of his unwillingness to comply with the need to schedule an EEC. Further, the record reflects that Defendants informed Plaintiff of the rule on January 19, 2017 (#43-D). Being so reminded, Plaintiff should have scheduled an EEC. The record reflects Plaintiff's failure to dutifully prosecute and that even when confronted with the proper procedure Plaintiff willingly ignored his duty and the actual orders of the Court.

**5. Public Policy Favoring Disposition of Cases on Their Merits**

Public policy favoring disposition of cases on their merits weighs against a default judgment, however, that is not enough to overcome the weight of the other four factors. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). District courts cannot function efficiently unless they can require compliance with reasonable rules. *Chism*, 637 F.2d at 1332. Here, Plaintiff's actions are

indicative of delaying actions that disrupt the efficiency of the Court. Public policy would be better served by allowing the Court to adjudicate cases that are dutifully prosecuted.

Plaintiff failed to dutifully prosecute his claim by scheduling an EEC. Even after Defendants brought the need to schedule an ECC to Plaintiff's attention and made themselves available to Plaintiff, Plaintiff continued to disregard the rules of the Court. Accordingly, even if the Court did not grant the motion to enforce the settlement agreement the Court would grant the motion to dismiss for failure to prosecute.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants Nationstar and US Bank's Motion to Enforce Settlement (#41) is **GRANTED**;

**IT IS FURTHER ORDERED** that the parties have either twenty-eight (28) days to submit a signed and executed settlement agreement, or Plaintiff must vacate the property within thirty (30) days of being tendered payment of the $5,000.00 (failure to do so will result in the Court granting the motion to dismiss for failure to prosecute);

**IT IS FURTHER ORDERED** that Defendants Nationstar and US Bank's Second Motion to Dismiss (#43) is **DENIED without prejudice as moot**.

DATED this 5th day of July 2017.

_____
Kent J. Dawson
United States District Judge